Shane WATSON, Petitioner,

v.

Shirley NEWMAN and Jill Watkins, Respondents.

No. 09–0166.

Supreme Court of Texas.

Nov. 20, 2009.

Cecil Wade Overstreet, for Petitioner.

Richard Walton Weaver, Paul E. Herrmann, Herrmann & Weaver Law Office, Amarillo, for Respondent.

Edwin E. Wright, III, Stradley & Wright, Dallas, for Dillard's Inc.

## On Motion for Rehearing of Petition

Justice WILLETT, joined by Justice HECHT, dissenting from the denial of the motion for rehearing of the petition.

Law-enforcement professionals throughout Texas earn extra money by moonlighting as private security officers. This case affords the Court an opportunity to clarify when official immunity extends to off-duty peace officers who, while working private security jobs, encounter situations that require them to discharge their assigned public-servant duties.

Here, Shane Watson, a Potter County deputy sheriff, was providing off-duty security at a Dillard's department store.

Respondents attempted to return a pair of jeans, and a heated dispute arose between them and the sales clerk, who phoned her manager and requested security after Respondents allegedly threatened her. Watson, dressed in his sheriff's office uniform (and married to the sales clerk), confronted Respondents, who left the store and refused Watson's requests to stop. Watson called for back-up from the sheriff's department, pursued Respondents around the mall on foot, and ultimately arrested them for various class B misdemeanors (evading detention, failure to identify, and interference with public duties). These criminal charges ultimately went away via dismissal or acquittal.

Respondents then sued Watson and Dillard's for several intentional torts (assault, willful detention, lack of consent, and abuse of process), and Watson moved for summary judgment on official-immunity grounds. Respondents argued there was a fact issue as to whether Watson was discharging his duties as a peace officer or rather acting as a citizen-husband and/or private security guard. The trial court denied the summary-judgment motion, and the court of appeals—where only Watson filed a brief—affirmed,[1] concluding (in rather conclusory fashion) that parsing public capacity from private capacity "presents embedded fact issues that are best left to the trier of fact." [2]

The ubiquity of Texas peace officers supplementing their incomes by working off-duty security jobs—directing Sunday church parking, patrolling shopping malls, securing private parties—makes this case worth the Court's attention. When *does* the role change from private security guard to public peace officer? The official-immunity doctrine serves a vital purpose: to enable public officials "to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by extended litigation." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex.2004). Accordingly, the private-versus-public capacity of off-duty officers merits bright-line guidance, and the Court should clarify the official-immunity standard for peace officers working off-duty security jobs. At the very least, the important issue of a moonlighting officer's exposure to personal liability merits full briefing in this Court.

This case deserves much closer study, and because the Court declines to do so, I respectfully dissent.

---

**1.** As the court of appeals put it, "Appellees did not favor us with a brief nor did they request additional time in which to do so." 299 S.W.3d 144, 146.

**2.** *Id.* at 148.